## CIRCUIT COURT OF FAIRFAX COUNTY

Crestar Bank

v.

Transamerica Title Ins. Co.
and U.S. Titles, Inc.

September 2, 1992

Case No. (Law) 110656

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the defendant Transamerica Title Insurance Company's motion for reconsideration of the Court's ruling denying Transamerica leave to file a cross-claim against the defendant U.S. Titles, Inc. For the reasons set forth below, the motion for reconsideration is denied and the prior ruling is sustained.

The events giving rise to this litigation are given in the parties' pleadings and memoranda. Crestar Bank alleges in its Motion for Judgment that it engaged U.S. Titles directly or as an authorized agent for Transamerica to examine the title to property located at 905 Mackall Avenue in McLean, Virginia, which was to secure a deed of trust in favor of Crestar. Crestar alleges that U.S. Titles breached its contact with Crestar first by failing to perform the title examination accurately or to use an accurate description of the property, and second, by failing to obtain a title insurance policy for Crestar. Crestar alleges that as a result of the defendants' actions, only a portion of the residential improvement located on the real property at 905 Mackall Avenue is encumbered by the deed of trust held by Crestar.

The Court has before it today Transamerica's motion for reconsideration of the Court's ruling denying it leave to file a cross-claim against U.S. Titles. Transamerica argues that the Court's ruling that some prejudice might result from the late filing because of the loss limitation provision in the addendum to the agency agreement is incorrect. Transamerica claims that the loss limitation provision does not apply to the conduct alleged in the motion for judgment, or if the provision does apply, U.S. Titles can plead it as an affirmative defense.

The Court denies Transamerica's motion to reconsider for two reasons. First, the procedural history of the case indicates that Transamerica has had extensive opportunity to file its cross-claim within the statutory period or at least within a reasonable time after accepting service of the motion for judgment. Transamerica accepted service on November 27, 1991; after the Court granted the defendants leave to file late pleadings, Transamerica then filed a demurrer to the motion for judgment on December 31, 1991. The Court overruled the demurrer, and Transamerica filed its answer on February 28, 1992. On April 20, 1992, Transamerica and Crestar agreed to the date of December 15, 1992, for trial of the suit. Finally, on July 24, 1992, almost eight months after accepting service of the motion for judgment, Transamerica has moved for leave to file a late cross-claim against U.S. Title. On this matter, Transamerica offers no reason for the delay.

In addition, Transamerica's cross-claim will be consequential only if Crestar prevails against Transamerica exclusively. The other outcomes, i.e., that Crestar wins judgment against neither defendant, against U.S. Titles exclusively, or against U.S. Titles and Transamerica jointly and severally, will be unaffected by the cross-claim. Although Transamerica seeks to guard against the possibility that it will be found solely liable for Crestar's damages, at this point in the proceedings, leave to file the cross-claim is not warranted.